**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

Case No. 17-958

U.S. DEPARTMENT OF THE INTERIOR,
1849 C Street NW
Washington, DC 20240

U.S. DEPARTMENT OF COMMERCE,
1401 Constitution Avenue NW
Washington, DC 20230

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201

U.S. ENVIRONMENTAL PROTECTION
AGENCY,
1200 Pennsylvania Avenue NW
Washington, DC 20460

U.S. DEPARTMENT OF AGRICULTURE,
1400 Independence Avenue SW
Washington, DC 20250

U.S. DEPARTMENT OF VETERANS
AFFAIRS,
810 Vermont Avenue NW
Washington, DC 20420

U.S. DEPARTMENT OF ENERGY,
1000 Independence Avenue SW
Washington, DC 20585,

and

U.S. DEPARTMENT OF THE TREASURY, )
1500 Pennsylvania Avenue NW )
Washington, DC 20220 )
)
*Defendants*. )
)

## COMPLAINT

1. Plaintiff American Oversight brings this action against eight executive branch agencies under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the

public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia, and its application for section 501(c)(3) status is pending with the Internal Revenue Service.

6. Defendant the U.S. Department of the Interior (DOI) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOI has possession, custody, and control of the records that American Oversight seeks.

7. Defendant the U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of the records that American Oversight seeks.

8. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of the records that American Oversight seeks.

9. Defendant the U.S. Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

10. Defendant the U.S. Department of Agriculture (USDA) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USDA has possession, custody, and control of the records that American Oversight seeks.

11. Defendant the U.S. Department of Veterans Affairs (VA) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). VA has possession, custody, and control of the records that American Oversight seeks.

12. Defendant the U.S. Department of Energy (DOE) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOE has possession, custody, and control of the records that American Oversight seeks.

13. Defendant the U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

14. From March 13 to March 21, 2017, American Oversight submitted FOIA requests to eight different executive branch agencies, seeking access to the following records:

> 1. Records sufficient to identify all employees who entered into a position at the agency as "political appointees" since January 20, 2017, and the title or position of each employee (to the extent that such individuals have held multiple titles or positions since January 20, 2017, identify each title or position). For purposes of this request, please consider any employee in a PAS position, a presidentially-appointed position, a noncareer SES position, or a Schedule C position a "political appointee."
>
> 2. Records sufficient to identify all career employees who have been detailed into a leadership office or component front office since January 20, 2017; the title or position of each employee while on detail (to the extent that such individuals have held multiple titles or positions since January 20, 2017, identify each title or position); and each employee's originating agency or component, and title.

3. Records sufficient to identify the members of the "beachhead teams" who joined the agency at the beginning of the Trump administration, and the title or position of each employee (to the extent that such individuals have held multiple titles or positions since January 20, 2017, identify each title or position).

4. For each individual identified in response to requests 1 to 3:

    a. The resume provided by the individual to the agency in connection with determining the appropriate salary for the individual, or, if that is not available, a recent resume contained within the agency's records. We have no objection to the redaction of contact information (addresses, telephone numbers, e-mail addresses) for the employee or references, or to the redaction of past salary information. Employment, education, and professional association information is not exempt and we object to any redactions of such information.

    b. Any conflicts or ethics waivers or authorizations issued for the individual, including authorizations pursuant to 5 C.F.R. § 2635.502.

5. Records sufficient to identify the members of the "landing teams" or "transition teams" who were embedded with the agency for transition purposes by the Trump transition organization between the November 2016 election and the Trump administration.

*Agency Responses*

6. On March 21, 2017, DOI sent American Oversight an acknowledgement letter, in which it notified American Oversight that it had assigned the request tracking number OS-2017-00332. DOI's acknowledgement letter also stated that the agency was taking a "10-workday extension" for processing the request pursuant to 43 C.F.R. § 2.19. A copy of DOI's acknowledgement letter is attached hereto as Exhibit 1.

7. Commerce assigned the request tracking number DOC-OS-2017-000787.

8. HHS assigned the request tracking number 2017-00519.

9. EPA assigned the request tracking number EPA-HQ-2017-004949.

10. On April 7, 2017, EPA sent American Oversight an email purporting to contain a "final disposition" of its FOIA request and attaching three pages of records. The accompanying letter stated: "This letter concludes our response to your request." The EPA's Response Letter is attached hereto as Exhibit 2 and incorporated herein.

11. That same day, an attorney from American Oversight spoke with an individual at EPA who identified herself as Victoria Clarke and was told that the response letter only related to part (1) of the FOIA request. Ms. Clarke explained that the person handling the request was responding to the numbered parts of the FOIA request one at a time. Ms. Clarke followed up with an email confirming that request number EPA-HQ-2017-004949 was "still open." That email is attached hereto as Exhibit 3 and incorporated herein.

12. VA assigned the request tracking number 17-06770-F.

13. DOE assigned the request tracking number HQ-2017-00753-F.

14. Treasury assigned the request tracking number 2017-03-173.

15. American Oversight has received no response from USDA with respect to its request.

*Exhaustion of Administrative Remedies*

16. None of the defendant agencies has provided a determination regarding whether they will comply with American Oversight's FOIA request, notwithstanding the obligation of the agencies under FOIA to respond within twenty working days.

17. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

18. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

19. American Oversight properly requested records within the possession, custody, and control of Defendants.

20. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

21. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

22. Defendants' failure to conduct adequate searches for responsive records violates FOIA.

23. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

24. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. American Oversight properly requested records within the possession, custody, and control of Defendants.

26. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

27. Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

28. Defendants' failure to provide all responsive records violates FOIA.

29. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 22, 2017

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
sara.creighton@americanoversight.org
*Counsel for Plaintiff*